## COURT OF APPEALS.

The People *ex rel.* WM. GORMAN agt. THE BOARD OF METROPOLITAN POLICE.

The relator was a member of the old police of the city of New-York. When the Metropolitan police came into existence, they entertained charges against the relator for alleged " wilful disobedience of orders and insubordination." The specification of the charge was, " refusing to obey the orders of his superior officer, on the 18th day of June, 1857."

On the 23d of June, a *notice* requiring the relator to appear before the Board of Police, at a specified time and place, to answer to the charge, was delivered to an officer for service, but instead of being served personally, it was left at a station-house, where it was received by another person, by whom it was retained. Neither the notice nor its contents came to the notice of the relator.

The officer who had been charged with the service of the notice, and who had only left such notice at the station-house with a person who promised to deliver it to the relator, made an affidavit of the service of such notice, and upon this proof the Board of Police proceeded at the time and place specified, to hear and determine the case. On June 26th, it was adjudged that the charge was established, and that the relator be dismissed from the service of the department.

*Held*, that under the 7th section of the act under which these proceedings were held, and which declares that no person shall be removed from office, " except upon written charges preferred against him to the Board of Police, and after an opportunity shall have been afforded him for being heard in his defence," the Board of Police had no authority to proceed. Their order of dismissal was void for want of jurisdiction. This was equally so whether at the time the proceedings were instituted, the relator was in office or not.

*June Term,* 1858.

ROOSEVELT, Justice. This case involves necessarily a single question. The 7th section of the new Police Act provides that no person shall be removed from office in the department except upon written charges and " after an opportunity shall have been afforded him of being heard in his defence." And in the 11th section it is declared that " no person who shall ever have been removed from the police force (established by this act) for cause, shall be re-appointed by the Board of Police

to any office in the said police force." The judgment of removal rendered by the commissioners against Gorman, the relator, was pronounced without notice; or at least without any such notice as the law can recognize in a case involving such serious consequences to the individual charged, as well as to the public. The case states that the notices of the charge made and of the time of trial, "were never delivered or their contents communicated to the men, and that the relator was not aware of the notice." In a legal sense, the relator had no " opportunity of being heard in his defence." The order of removal was, therefore, void for want of jurisdiction. But although a nullity in itself, it involves an apparent deprivation of a legal right. It is consequently a proper subject of review, and being palpably erroneous, should not be allowed to stand.

Without considering the question whether the relator has resigned, abdicated or repudiated the office which was tendered to him, or in which he was continued, by the new law, or any of the other questions which have been argued by the counsel, and reserving those questions for further advisement until the case of McCune shall be disposed of, the order under review shall be quashed on the single ground of want of due notice.

Judgment of the supreme court accordingly affirmed.

HARRIS, Justice. At the time the act to establish a Metropolitan police district went into operation as a law, the relator was a policeman in the city of New-York. The legislature intended that he should be transferred from the police force as it then existed, to the new police force for which the act provided. It needed no new appointment, nor any formal act of acceptance, to constitute him a patrolman of the Metropolitan police.

But it *did* require his consent. He could neither be made a patrolman, nor having become such, be made to continue in office against his will. Whether he in fact rejected the office or by his subsequent acts or conduct abandoned it, and thus ceased to be a member of the new police force, is a question upon which different views are entertained, and which for the

purposes of this case, it is not deemed necessary to determine.

Whether he was in office or not, the Board of Police entertained charges against him, and assumed to try him. An order was made that he be dismissed from office. These proceedings, we all agree, were illegal. A charge had been preferred against the relator. The offence alleged was "wilful disobedience of orders and insubordination." The specification of the charge was "refusing to obey the orders of his superior officer on the 18th day of June." On the 23d of June, a notice requiring the relator to appear before the Board of Police, at a specified time and place, to answer to the charge, was delivered to an officer for service, but instead of being served personally, it was left at a station-house, where it was received by another person, by whom it was retained. Neither the notice nor its contents came to the knowledge of the relator.

The officer who had been charged with the service of the notice, and who had only left such notice at the station-house with a person who promised to deliver it to the relator, made an affidavit of the service of such notice, and upon this proof the Board of Police proceeded, at the time and place specified, to hear and determine the case. On June 26th, it was adjudged that the charge was established, and that the relator be dismissed and removed from the service of the department.

By the 7th section of the act under which these proceedings were held, it is declared that no person shall be removed from office, " *except upon written charges preferred against him to the Board of Police, and after an opportunity shall have been afforded him of being heard in his defence.*" The return made by the defendants themselves, shows that the relator had no opportunity of being heard. No notice was served upon him, and he was entirely ignorant that proceedings had been instituted against him, until after sentence of dismissal had been pronounced. Under these circumstances, the Board of Police had no authority to proceed. Their order of dismissal was void for want of jurisdiction. This was equally so, whether at the time

the proceedings were instituted, the relator was in office or not.

It is true, that if the relator was not actually in office at the time the charges were preferred against him, the Board of Police would have had no authority to try him, even if he had been served with notice to appear before them. The proceedings would have been absolutely void. And yet they should not be allowed to stand upon record against the relator. Were the only effect of a sentence of dismissal to remove the party from office, he would have no right to complain of such sentence, if at the time it was pronounced, he was already out of office. But it is declared by the 12th section of the act organizing the Board of Police, that no person who shall ever have been removed from the police force for cause, shall be re-appointed by the Board of Police to any office. The effect of the sentence, so long as it stands unreversed, is to furnish *prima facie* evidence that the relator is disqualified from holding office in the Metropolitan police force. Conceding, therefore, that the relator was not in office, he still had a right to have the proceedings against him reversed, on the ground that their effect, if allowed to stand, might be to render him ineligible to office in future.

It is insisted on the part of the defendants, that the decision of which the relator complains cannot be reviewed upon *certiorari*. If, as the counsel for the defendants suppose, the order or sentence dismissing the relator from office was an exercise of administrative or executive power, the objection would, undoubtedly, be well grounded. But the proceedings in question are to be regarded as *judicial* in their character. It is the office of *certiorari* to confine inferior officers or tribunals exercising judicial powers, within the boundaries of their jurisdiction. The order in question being a judicial proceeding, it is a proper subject of review upon *certiorari*. As we have already seen, the relator was entitled to be heard before the defendants were authorized to make the order against him. Not having had this opportunity, the proceedings were illegal. Upon this ground alone, *and without reference to the question,*

*whether at the time the proceedings were instituted against him, the relator was in office or not,* the judgment of the supreme court should be affirmed.

All the judges concurring; judgment affirmed.